**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LEI BARR,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-00746-O-BP** |
| | § | |
| **JOANNA LOU,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On June 17, 2026, Plaintiff Lei Barr, proceeding *pro se*, filed a complaint against Defendant Joanna Lou, alleging a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and defamation. ECF No. 1. Barr's case was referred to the undersigned by a standing order of reference under Special Order 3. ECF No. 2. The Court has subject-matter jurisdiction over the FLSA claim and supplemental jurisdiction over the defamation claim. *See* 28 U.S.C. §§ 1331, 1367. After reviewing Barr's Complaint and the applicable legal authorities, the undersigned **RECOMMENDS** that Chief United States District Judge Reed O'Connor **TRANSFER** this case to the United States District Court for the Southern District of New York.

The FLSA lacks a "discernible express provision for venue." *Sisk v. BWS Inspection Servs., LLC*, No. No. PE:21-cv-00087-DC-DF, 2022 WL 3567349, at *6 n.4 (W.D. Tex. Aug. 16, 2022); *see generally* 29 U.S.C. §§ 201, *et seq.* Accordingly, the general provision, 28 U.S.C. § 1391, governs venue for FLSA claims. *Warlick v. Steppes Creek Consulting, LLC*, No. 1:20-cv-500-RP, 2021 WL 2386144, at *2 (W.D. Tex. Mar. 15, 2021) (citing *Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 682 (D. Kan. 2004)). It also governs defamation claims. *Hawbecker v. Hall*, 88 F. Supp. 3d 723, 730 (W.D. Tex. 2015).

Under 28 U.S.C. § 1391, venue in a civil action such as this one is proper in:

> 1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The Court may transfer any civil action to a more convenient forum where it could have been filed originally "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975). Or it may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court may raise the issue of venue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *see also Empty Barge Lines II, Inc. v. Dredge Leonard Fisher*, 441 F. Supp. 2d 786, 789 (E.D. Tex. 2006) (collecting cases).

This case has no discernible connection to the Northern District of Texas. Although Barr currently resides in Fort Worth, the district where a *plaintiff* resides is irrelevant to the present analysis. It is instead the *defendant* whose residence is illustrative, and only then if all defendants live in the same state. 28 U.S.C. § 1391(b)(1). Joanna Lou is the sole defendant in this case, and it appears to the Court that she lives in or near New York City. *See* ECF No. 1 at 2 (listing a Midtown Manhattan address). Furthermore, this case centers on Barr's apparent termination from Mitsubishi UFJ Financial Group, Inc. ("MUFG") as an assistant vice president in the company's Global Financial Crimes Analytics Transaction Monitoring group. *Id.* at 3. This termination appears to have occurred at least in part because Barr did not return to in-office work in a timely fashion. *See*

*id.* at 4, 7. Barr pleads that that office was the New York branch. *Id.* (listing 1251 Avenue of the Americas, New York, NY 10020-1104 as "[t]he address at which I . . . was employed by the defendant[]").

Barr offers no discernible reason to maintain this case in the Northern District of Texas, let alone in the Fort Worth Division. MUFG does not even maintain a Fort Worth office. *See United States*, MITSUBISHI UFJ FIN. GRP., https://www.mufgamericas.com/who-we-are/our-locations/united-states (last visited June 18, 2026); *see also Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (holding that courts may take judicial notice of matters of public record); Fed. R. Evid. R. 201. Instead, the case is more appropriate in Manhattan, New York City, New York County, which is in the Southern District of New York. 28 U.S.C. § 112(b).

Accordingly, in the interest of justice, the undersigned **RECOMMENDS** that Chief Judge O'Connor **TRANSFER** this action to the United States District Court for the Southern District of New York. Chief Judge O'Connor also should order the Clerk of Court to stay the case for 21 days after he rules on these findings, conclusions, and recommendation pursuant to Local Civil Rule 62.2.

**SIGNED** on June 18, 2026.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

3